# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LILLY HOGUE,

    Plaintiff,

vs.

MICHAEL ASTRUE,

    Defendant.

3:08-CV-0042-ECR (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

August 27, 2008

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#7). Plaintiff opposed (#8) and defendant did not reply. For the reasons set forth below, the court recommends that defendant's motion to dismiss (#7) be denied.

## I. ADMINISTRATIVE PROCEEDINGS

Plaintiff Lilly Hogue ("plaintiff") filed an application for Social Security disability insurance benefits on April 28, 2004 (#7-2, Ex. 1). Plaintiff alleges disability based on major depression, arthritis in her hip, neck, spine, ankle, and fingers, chronic obstructive pulmonary disorder, a stomach ulcer, irritable bowel syndrome, and constant tinitus in both ears (#8, Ex. A, ¶ 2). Plaintiff's claim was denied initially on October 18, 2004, and upon reconsideration on February 7, 2006 (#7-2, Ex. 1). Plaintiff requested a hearing, and on March 13, 2007, plaintiff testified before Administrative Law Judge ("ALJ") Sandra Rogers. *Id*. The ALJ found the plaintiff not disabled on June 28, 2007. *Id*. Plaintiff requested administrative review, but the Social Security Administration Appeals Council ("Appeals Council") denied review on October 26, 2007 (#7-2, Ex. 2). Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on January 23, 2008 (#1).

In her complaint, plaintiff states that although she filed her complaint past the sixty-day deadline required pursuant to the Social Security Act ("SSA"), good cause exists for several

reasons. *Id*. First, plaintiff contends that she suffers from depression. *Id*. The time period in which plaintiff was required to file her complaint fell during the holidays and close to the anniversary of her daughter's birthday and death, which caused plaintiff serious depression and hindered her from making prompt decisions. *Id*. Second, plaintiff asserts that she consulted with an attorney, but that the attorney failed to file her complaint as she thought he had agreed to do. *Id*. Plaintiff states that upon finding out her complaint had not been filed, she promptly consulted current counsel, who filed the instant complaint two days later. *Id*. Lastly, plaintiff contends that in November 2007, she suffered from a "serious reaction" to medication she was taking to stop smoking, which caused her additional pain. *Id*.

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

Pursuant to the Federal Rules of Civil Procedure, a defendant may assert by motion the defense that the plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

#### 2. Social Security Law

The Social Security Act provides for limited judicial review of final decisions of the Commissioner of Social Security ("commissioner") within sixty days of the date the commissioner mails the final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner ... may allow."). "Mailing" is defined as the date the individual receives the notice of denial of request for review, or five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). The sixty-day time limit is not jurisdictional, but is instead a statute of limitations which may be waived.

1  *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). While the Court has held that the sixty-day
2  time limit must be strictly construed, it has also concluded that the statute permits equitable
3  tolling of the statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986).
4  This is so because "Congress designed [the SSA] to be 'unusually protective' of claimants." *Id*.
5  at 480.

6  The time requirements "are based on considerations of fairness to claimants," and as such,
7  the commissioner may grant an extension where a suit was not timely filed due to "illness,
8  accident, destruction of records, or mistake." *Id*. at 480, n. 12. Extensions may also be granted
9  "where the claimant misunderstands the appeal process or is unable timely to collect necessary
10 information, or where the Secretary undertook action that 'misled' the claimant concerning his
11 right to review." *Id*. Additionally, the regulations state that late filings are permitted upon a
12 showing of "good cause." 20 C.F.R. § 422.210(c). Examples of what constitutes "good cause"
13 include, but are not limited to, serious illness, death or serious illness of an immediate family
14 member, the destruction of important records by fire or other accidental cause, inability to locate
15 information necessary to support your claim, incomplete information concerning how to request
16 review, or failure to receive notice. 20 C.F.R. § 404.911(b).

17 **B. Analysis**

18 Defendants argue that plaintiff failed to file her complaint prior to the sixty-day time limit
19 allowed by the SSA, and further contend that no good cause exists to equitably toll the time
20 limitation (#7). The evidence reveals – and plaintiff admits – that she filed her complaint twenty-
21 three days past the sixty-day time limit (#8, p. 2; *see also* #7, Ex. 1 and Ex. 2). Thus, the only
22 issue before the court is whether good cause exists to toll the statute of limitations.

23 Plaintiff submits an affidavit in which she affirms that she suffers from major depression
24 (#8, Ex. A, ¶ 2). Plaintiff states that each year during the holidays, she has a very difficult time
25 functioning because the holidays are difficult for her, as they are for many people, and
26 additionally because plaintiff's daughter, whose birthday was in December, fell ill and died
27 shortly after the holidays (#8, p. 2; *see also id*., Ex. A, ¶ 5). Plaintiff affirms that despite her
28 depression during the relevant time period, she did want to pursue her appeal (#8, p. 3). Plaintiff

3

states that she consulted her disability representative, Yolanda Gorges, who indicated plaintiff required a lawyer in order to appeal. *Id*. Plaintiff affirms that on December 7, 2007, she engaged in a conference call with a disability lawyer, and was under the impression that he would file her complaint in federal court. *Id*. Plaintiff states that only after she followed up with the attorney after the New Year, was she informed that he did not take her case and had not filed a complaint. *Id*. Plaintiff affirms that she quickly located and retained current counsel, who filed the current complaint two days after meeting with plaintiff. *Id*. at ¶ 4.[1]

Defendant argues that these facts do not justify tolling the statute of limitations and states "plaintiff's daughter died in February 1992, approximately 16 years ago" (#7, p. 5).[2] Defendant additionally contends that the fact that plaintiff consulted with an attorney during December 2007 contradicts her claim that she was too depressed to make prompt decisions regarding filing a complaint for judicial review (#7, p. 5).[3] Defendant also notes that plaintiff was able to request a postponement of an October 2007 vocational rehabilitation meeting, and that she could have also made a request for an extension of time in which to file a civil action. *Id*. at pp. 5-6.

The Appeals Council considered plaintiff's justifications for the late filing, but concluded

---

[1] As an additional justification to the late filing, plaintiff also affirms that she suffered side effects from taking a smoking cessation medication (#8, Ex. A, ¶ 6). Plaintiff submits a March 2008 letter from her physician stating that plaintiff recently had "significant gastrointestinal upset and abdominal pain," which are common side effects of her medication (#8, Ex. B). Plaintiff additionally claims that as a result of a vocational rehabilitation meeting, she will receive "very favorable paperwork" to support her disability claim (#8, p. 4).

[2] Plaintiff responds that defendant "gives no explanation" why these significant emotional events – the anniversary of plaintiff's daughter's birthday and her death – would not continually cause plaintiff's depression (#8, p. 2). Plaintiff states "Indeed, the comment that the death occurred sixteen years earlier appears to say that [plaintiff] should be over the death of her daughter by now and not have continuing emotional problems." *Id*. Plaintiff's counsel argues "Without providing a psychological profile or explanation, it goes without saying that the death of a child has to be one of the most traumatic and emotional events a parent can endure in a lifetime. ... the anniversary of the death and the birthday anniversary all come together in the same time frame, and during the holiday season as well, which is notoriously difficult for many people." *Id*. at 2. The court agrees.

[3] Defendant also contends that plaintiff fails to substantiate her claim that she consulted another attorney (#7, p. 5). Defendant made this statement based solely on plaintiff's complaint, which was not accompanied by an affidavit (#1). Plaintiff has since filed an affidavit, attached to her opposition, affirming that she consulted an attorney on December 7, 2007 (#8, Ex. A, ¶ 3).

4

1  that good cause did not exist because plaintiff's claim that she was too depressed to function was
2  inconsistent with her claim that she also consulted a lawyer during the relevant time period (#7,
3  Ex. 3).  The Appeals Council stated that the fact that plaintiff did consult with an attorney
4  indicates that plaintiff "was in fact capable of pursuing her case." *Id*.  The Appeals Council also
5  rejected plaintiff's other justifications.  *Id*.

6  Plaintiff argues that the commissioner is using the fact that plaintiff attempted to retain
7  an attorney as a "sword" to deny her claim (#8, p. 3).  Plaintiff contends that there is no
8  contradiction, and that she truly thought she did everything she could to file an appeal, despite
9  her mental condition.  *Id*.  Plaintiff argues that her effort to appeal was "fraught with delays and
10 problems." *Id*. at 4.

11 The court concludes that good cause exists to toll the statute of limitations.  Plaintiff has
12 filed an affidavit stating that she met with an attorney and that she thought the attorney had taken
13 her case.  When she discovered that he had not filed her complaint as she anticipated, she quickly
14 consulted current counsel, who immediately filed the complaint on plaintiff' behalf.  The
15 complaint was only twenty-three days past the time limit, which is a small delay at best; therefore,
16 there is no prejudice to defendant.  Further, the court considers plaintiff's depression to be a
17 "serious illness" and understands that such depression can be debilitating.  20 C.F.R. §
18 404.911(b).  Even despite her depression, plaintiff consulted with an attorney, but was not
19 initially successful.  This indicates to the court that plaintiff attempted in good faith to move her
20 case forward.

21 In this case, the equities favor tolling of the statute of limitations such that "deference to
22 the agency's judgment" to deny tolling is "inappropriate." *Bowen*, 476 U.S. at 480.  This court
23 has an interest in resolving cases on their merits, especially where there is a minor delay and
24 defendants have not been prejudiced.  The court denies defendant's motion to dismiss.

25 ///
26 ///
27 ///
28 ///

## V.  CONCLUSION

Based on the foregoing, the court concludes that good cause exists to toll the statute of limitations in this case.  As such, the court recommends that defendant's motion to dismiss (#7) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#7) be **DENIED**.

**DATED:** August 27, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**